1  LATHAM & WATKINS LLP
     Wayne S. Flick (SBN 149525)
2    Kimberly A. Posin (SBN 223091)
     Casandra L. Thomson (SBN 235778)
3  355 South Grand Avenue
   Los Angeles, CA 90071-1560
4  Telephone: (213) 485-1234
   Facsimile: (213) 891-8763
5  wayne.s.flick@lw.com; kim.posin@lw.com;
   casandra.thomson@lw.com
6
   Attorneys for Defendants
7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

| In re: | CASE NO.: 2:08-cv-2770-GW |
|---|---|
| APX HOLDINGS, L.L.C.; APX LOGISTICS, INC.; APX EXPRESS, INC.; APX CENTRAL, INC.; CTC DIRECT, INC.; PARCEL SHIPPERS EXPRESS, INC.; VA PARCEL, L.L.C.; TEX-PACK, INC.; and TEX-PACK EXPRESS, L.P. | [Regarding Chapter 7 Bankruptcy Case No. 2:06-10875-EC (Jointly Administered) and Adversary Case No. 2:08-01313-EC] |
| Debtors. | **STIPULATED PROTECTIVE ORDER** |
| RICHARD K. DIAMOND, Chapter 7 Trustee, | |
| Plaintiff, | |
| vs. | |
| HERITAGE FUND I, L.P.; HF PARTNERS I, L.P.; HERITAGE FUND III, L.P.; HF PARTNERS III, L.L.C.; HERITAGE FUND IIIA, L.P.; HERITAGE INVESTORS III, L.L.C.; HERITAGE PARTNERS MANAGEMENT COMPANY, INC. (d/b/a HERITAGE PARTNERS, INC.); HERITAGE PARTNERS MANAGEMENT COMPANY, LLP; HERITAGE FUND I INVESTMENT CORPORATION; HERITAGE FUND III INVESTMENT CORPORATION 2, INC.; MICHAEL F. GILLIGAN; MICHAEL L. COHEN; PETER Z. HERMANN; MARK J. JROLF; MICHEL REICHERT; and DOES 1 THROUGH 50, inclusive, | |
| Defendants. | |

1   It is hereby stipulated between Plaintiff, Richard K. Diamond, Chapter 7
2   Trustee (the "Trustee") of the Estates of APX Holdings, L.L.C.; APX Logistics,
3   Inc.; APX Express, Inc.; APX Central, Inc.; CTC Direct, Inc.; Parcel Shippers
4   Express, Inc.; VA Parcel, L.L.C.; Tex-Pack, Inc.; and Tex-Pack Express, L.P., by
5   and through his counsel, Landau & Berger LLP; and Defendants Michel Reichert,
6   Michael F. Gilligan, Michael L. Cohen, Heritage Partners Management Company,
7   LLP, Heritage Fund I Investment Corporation, Heritage Fund III Investment
8   Corporation 2, Inc., HF Partners III, L.L.C., Heritage Fund I, L.P., HF Partners I,
9   L.P., Heritage Fund III, L.P., Heritage Fund IIIA, L.P., Heritage Investors III,
10  L.L.C., Heritage Partners Management Company, Inc. (d/b/a Heritage Partners,
11  Inc.), Peter Z. Hermann and Mark J. Jrolf (collectively, "Defendants") (together
12  with the Trustee, the "Parties," each a "Party"), by and through their counsel,
13  Latham & Watkins LLP, pursuant to Federal Rule of Civil Procedure 26(c), that
14  the following provisions shall govern the production and/or use of documents,
15  deposition testimony, deposition exhibits, and all other information and material
16  produced or disclosed by any Party to another Party (collectively "Discovery
17  Material") in connection with the above-referenced adversary proceeding (the
18  "Adversary Proceeding").

19     1.   <u>Use of Discovery Material</u>.  Discovery Material marked as
20  "Confidential" may be used for purposes of prosecuting or defending the
21  Adversary Proceeding, but shall not be used for any other purpose, including,
22  without limitation, any business or commercial purpose.

23     2.   <u>Designation of Discovery Material As "Confidential"</u>.  The producing
24  Party may designate any Discovery Material as "Confidential" under the terms of
25  this Stipulated Protective Order if the Party in good faith believes that such
26  Discovery Material contains nonpublic or confidential information requiring
27  protection from public disclosure such as: (i) personal information, personnel
28  records, or financial information or personnel records; (ii) business plans,

investment analyses, or internal strategy or planning processes; (iii) trade secrets or other proprietary or financial information; (iv) material or information in possession of a Party or nonparty that is subject to a written independent obligation of confidentiality to another person, provided that such written independent obligation of confidentiality is disclosed; or (v) any other confidential material or information that requires the protections provided in this Stipulated Protective Order. Materials or information lawfully obtained by a Party from a source other than one of the other Parties shall not be designated as "Confidential" under this Stipulated Protective Order whether or not such materials or information also are obtained through discovery from one of the Parties in the Adversary Proceeding.

3. <u>Manner of Designating Confidential Discovery Material</u>.

a. Documents or other materials (apart from depositions or other pretrial testimony): by affixing the legend "Confidential" to any page containing any Confidential Discovery Material. When an entire document is deemed "Confidential," the word "Confidential" need only be affixed on the first page of the document.

b. Depositions or other pretrial testimony: (i) by a statement on the record, by counsel at the time of such disclosure; or (ii) by written notice, sent by counsel to all parties, within 20 business days after receiving a copy of the transcript. Each copy of the transcript of any deposition taken in the Adversary Proceeding shall be marked:

> THIS DEPOSITION TRANSCRIPT (INCLUDING ANY EXHIBITS) MAY CONTAIN CONFIDENTIAL INFORMATION SUBJECT TO A STIPULATED PROTECTIVE ORDER LIMITING THE USE AND DISCLOSURE OF CERTAIN MATERIALS AND INFORMATION.

///
///

> DO NOT USE, COPY OR DISCLOSE THIS TRANSCRIPT (INCLUDING EXHIBITS) WITHOUT ASCERTAINING WHETHER THE TRANSCRIPT OR EXHIBITS ARE CONFIDENTIAL DOCUMENTS OR CONTAIN CONFIDENTIAL INFORMATION SUBJECT TO THE PROTECTIVE ORDER.

If a document containing Confidential Discovery Material is made an exhibit to the deposition transcripts, then counsel for the Party with an interest in protecting such information or document may designate the information as Confidential on the record. The Parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further Order of the Court. Such modification shall not serve as a waiver of the application of any provision of this Stipulated Protective Order.

4. <u>Use and Disclosure of Confidential Discovery Material</u>. Except as provided in 18 U.S.C. § 1510, 18 U.S.C. § 1512, and/or 26 U.S.C. § 7212, Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons, and only to the extent reasonably necessary for purposes of the Adversary Proceeding:

   A. counsel for any Party, including employees, staff, and non-legal professionals of such counsel;

   B. actual or potential experts or consultants retained in the Adversary Proceeding by a Party or by a law firm or counsel for a Party to testify or otherwise assist with the Adversary Proceeding;

   C. actual or potential trial or deposition witnesses and their counsel, during the course of or in preparation for depositions or testimony;

/ / /

D. directors, officers, members, partners and employees of the Parties, or any subsidiary or affiliate thereof, who are assisting counsel for the Parties in the Adversary Proceeding;

E. individuals who have decision-making authority on behalf of a Party and insurers, provided such persons agree not to disclose such information except in accordance with the terms of this Stipulated Protective Order;

F. any person who is identified as the author or recipient of a document or whose testimony appears in a transcript designated as "Confidential" Discovery Material;

G. third-party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data, but only to the extent reasonably necessary to render such services;

H. the Court and Court personnel;

I. a court of competent jurisdiction in a proceeding (e.g., subpoena, action to recover fees) by a party made in connection with the Adversary Proceeding and its personnel;

J. deposition and court reporters employed in connection with the Adversary Proceeding; and

K. any other person only upon order of the Court or with the written consent of the Party that produced the Confidential Discovery Material.

5. <u>Agreement to Be Bound By Stipulated Protective Order</u>.  Every person given access to "Confidential" Discovery Material or information contained therein shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulated Protective Order and may not be disclosed other than pursuant to the terms therein.  With the exception of persons identified in

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\1922773.3

4

STIPULATED [PROPOSED]
PROTECTIVE ORDER

Paragraph 4(A), (D), (E), (G), (H), (I) and (J), all persons given access to "Confidential" Discovery Material or information contained therein, shall be asked to execute the Agreement (attached as Exhibit A hereto).  Original copies of the signed Agreement(s) shall be obtained and retained by the Party seeking to disclose Confidential Discovery Material until one hundred twenty (120) days after termination of the Adversary Proceeding by settlement, non-appealable final judgment or exhaustion of all appeals.  Such copies shall be provided to counsel for the other Parties upon request.

6. <u>Inadvertent Failure to Designate Discovery Material As Confidential</u>. An inadvertent failure to designate particular Discovery Material as "Confidential" at the time of production shall not operate to waive the producing Party's right to later designate particular Discovery Material as such in writing as soon as practicable after discovering the inadvertent failure to designate.  No party shall be deemed to have violated this Stipulated Protective Order if, prior to such notification, such Discovery Material has been disclosed or used in a manner inconsistent with the terms of this Stipulated Protective Order.  Once such later designation has been made, however, the relevant Discovery Materials shall be treated as "Confidential" in accordance with this Stipulated Protective Order.  If the Discovery Material that was inadvertently not designated is, at the time of the later designation, filed with a court on the public record, then the Party seeking to designate the Discovery Material "Confidential" may seek appropriate relief from the Court.

7. <u>Objection to Designation of Discovery Material As Confidential</u>.  If a Party objects to the designation of any Discovery Material as "Confidential," then that Party shall state the objection by letter to counsel for the Party that produced the Discovery Material, setting forth the specific reasons for such objection. If the Parties are then unable to resolve the objection after a good faith effort to do so, then the objecting Party may, in the manner prescribed by the Federal Rules of

Civil Procedure and the Local Rules, move the Court to strike the designation. Until the Court rules on any such motion, the Discovery Materials shall continue to be deemed "Confidential" under the terms of this Stipulated Protective Order.

8. <u>Filing Confidential Discovery Materials Under Seal</u>.  In the event that counsel for any Party determines to file with or submit to the Court any "Confidential" Discovery Material, such papers shall be filed with the Court in sealed envelope labeled with the caption of the action and a statement in substantially the following form:

> CONFIDENTIAL—SUBJECT TO STIPULATED PROTECTIVE ORDER
> This envelope contains documents that are subject to a Stipulated Protective Order governing the use of "Confidential" Discovery Materials.  This envelope may not be opened or the contents hereof displayed or revealed except by Order of the Court.

The first page of each of these filings, to the extent it does not already bear a notation indicating its confidential character, shall be inscribed with the phrase: "Contains Confidential Discovery Materials -- Subject to Stipulated Protective Order."  All such materials shall be accepted by the Clerk of the Court separate from the public records in this action and shall be released only upon further Order of the Court.  Any party filing a document with the Court under seal must concurrently file a copy of such document for public inspection redacting the "Confidential" Discovery Material.

9. <u>Response to Subpoena or Other Legal Process</u>.  If a Party is served with a subpoena, request for production of documents, or other similar legal process in another proceeding (including any proceeding before any other court, legislature, regulatory agency, law enforcement or administrative body) seeking "Confidential" Discovery Material, then such Party shall give timely written notice to the Party that produced the Discovery Material in order to provide such Party with a reasonable opportunity to assert any objection to the requested production.

If the Party that produced the Discovery Material objects in writing to the production, then the "Confidential" Discovery Material shall not be produced except pursuant to a court order (or other order which subjects the party to penalties for noncompliance) requiring compliance with the subpoena, request for production, or other legal process. The Party that produced the Discovery Material shall be solely responsible for asserting any objection to the requested production. Nothing herein shall be construed as requiring the Party served with legal process to challenge or appeal any such order requiring production of "Confidential" Discovery Material, or to subject itself to any penalties for noncompliance with any such order, or to seek any relief from this Court. Nothing contained in this Stipulated Protective Order, however, shall interfere with a Party's obligation to comply with the provisions of 18 U.S.C. § 1510, 18 U.S.C. § 1512, and/or 26 U.S.C. § 7212.

10. <u>Return or Destruction of Confidential Discovery Material</u>. Unless otherwise agreed to by the Parties or required by law or court order, within 120 days after a judgment or dismissal of the Adversary Proceeding becomes final and non-appealable, the Parties shall either return all "Confidential" Discovery Material and all copies thereof (including summaries and excerpts) to counsel for the Party that produced the Discovery Material or destroy all such "Confidential" Discovery Material and certify that fact by letter to counsel for the Party that produced the Discovery Material. Counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product provided that such counsel, and employees of such counsel, shall not disclose such court papers or attorney work product to any person except pursuant to court order or agreement with the Party that produced the Discovery Material.

11. <u>Use of Own Confidential Discovery Material</u>. Nothing herein shall limit a Party's use or disclosure of its own "Confidential" Discovery Material and nothing herein shall limit the use or disclosure by a Party of documents, materials

or information lawfully obtained by a Party independent of the discovery proceedings in this Adversary Proceeding. If a Party uses or discloses its own "Confidential" Discovery Material in a manner inconsistent with the provisions of this Stipulated Protective Order, any such Discovery Material no longer shall be protected by the provisions of this Stipulated Protective Order.

12. <u>Effective Date of Stipulated Protective Order</u>. This Stipulated Protective Order shall become effective on the date on which it is entered by the Court.

13. <u>Additional Parties</u>. The terms of this Stipulated Protective Order shall be binding upon all current and future parties to the Adversary Proceeding.

14. <u>No Waiver of Rights</u>. This Protective Order shall not (a) operate as an admission by any Party that any particular documents, material or information contain or reflect currently valuable trade secrets or proprietary or commercial information; or (b) prejudice in any way or be deemed a waiver of the rights of any Party:

    A. to seek a determination by the Court of whether any particular document, item of material or piece of information should be subject to the terms of this Stipulated Protective Order;

    B. to seek relief on appropriate notice from any provision(s) of this Stipulated Protective Order, either generally or as to any particular document, item of material or piece of information;

    C. to object to any discovery requests on any ground;

    D. to seek an order compelling discovery with respect to any discovery request;

    E. to object to the admission of any evidence on any ground;

    F. to move the Court to amend any portion of this Stipulated Protective Order; or

    G. to seek additional protective orders as permitted by law.

///

15. <u>Continuing Effect of Stipulated Protective Order</u>.  The provisions of this Stipulated Protective Order shall, absent written agreement by the Parties or further order of the Court, continue to be binding throughout and after the conclusion of the Adversary Proceeding.

Dated:  December 17, 2008

                LANDAU & BERGER LLP

                By: /s/ Richard S. Berger
                   Richard S. Berger
                   Attorneys for Plaintiff

Dated:  December 18, 2008

                LATHAM & WATKINS LLP

                By: /s/ Kimberly A. Posin
                   Kimberly A. Posin
                   Attorneys for Defendants

IT IS SO ORDERED.

Date:  December 26, 2008

               _____
               HONORABLE GEORGE H. WU
               UNITED STATES DISTRICT JUDGE

Exhibit A

# AGREEMENT TO BE BOUND BY
# STIPULATED PROTECTIVE ORDER

I, _____, hereby acknowledge that:

1. I have received a copy of the Stipulated Protective Order entered on _____ in the Adversary Proceeding entitled *In re: APX Holdings, L.L.C.: Richard K. Diamond v. Heritage Fund I, L.P., et al.*, pending in the United States District Court for the Central District of California, Case No. 2:08-cv-2770-GW (the "Order");

2. I have reviewed the Order;

3. I agree to be bound by the terms of the Order, and specifically agree that I will not use, disclose, disseminate or otherwise make public any document(s) designated as Confidential (as defined in the Order), or information contained in such documents other than as allowed by the Order or otherwise agreed to in writing by the Parties to the Order or ordered by the Court; and

4. I understand that violation of this Agreement or the Order may constitute contempt of court.

DATED: _____

_____
Signature

_____
Printed Name

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\1922773.3

10

STIPULATED [PROPOSED]
PROTECTIVE ORDER